IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRANCE K. THOMAS,

      Plaintiff,

v.

      Case No. 25-cv-1190-NJR

JOHN DOE #1, JOHN DOE #2, and
JOHN DOE #3,

      Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Terrance K. Thomas, an inmate of the Illinois Department of Corrections who is currently incarcerated at Graham Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Robinson Correctional Center. Thomas's original pleading (Doc. 1), alleging that tactical team members violated his rights during a shake down, was dismissed without prejudice for failure to state a claim (Doc. 16). He was granted leave to file an amended pleading (*Id.*). In his Amended Complaint (Doc. 19), Thomas alleges that an unknown officer used excessive force against him.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

On October 25, 2024, Thomas was housed in the Robinson Correctional Center gym with other inmates during a routine shakedown of his cellhouse (Doc. 19, p. 5). Thomas alleges that at some point, John Doe #1 placed him in an illegal chokehold, despite lacking probable cause (*Id.*). Thomas alleges that he did not provoke this altercation. The officer allegedly referred to Thomas as a "mouthy nigger" during the incident (*Id.*).

### Preliminary Dismissals

Thomas identifies three John Does in the case caption but only refers to John Doe #1 in his statement of claim. Because he fails to include any allegations against John Doe #2 and John Doe #3, any claim against these officers is **DISMISSED without prejudice**.

Thomas also alleges that John Doe #1 violated his Fourteenth Amendment rights but fails to include any allegations that implicate his Fourteenth Amendment rights. Although Thomas alleges that the officer used a racial slur, verbal harassment by itself "does not constitute cruel and unusual punishment… or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). Thomas fails to allege how the use of force and racial slur violated his Fourteenth Amendment rights, nor are there any allegations to suggest that he was singled out because of his race. Thus, any claim under the Fourteenth Amendment is **DISMISSED without prejudice**.

2

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

**Count 1:     Eighth Amendment excessive force claim against John Doe #1 for his use of a chokehold on Thomas.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

At this early stage, Thomas offers enough facts to state an excessive force claim. Thomas alleges that he was placed in a chokehold by John Doe #1, despite doing nothing to provoke John Doe #1's assault. The use of force, accompanied by the use of a racial slur, could indicate that the force was used "maliciously and sadistically" rather than in "a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010); *DeWalt*, 224 F.3d at 619. Thus, Count 1 shall proceed against John Doe #1. To help identify the unknown officer, the Court **ADDS** Warden Chad Jennings, in his official capacity only, to respond to discovery aimed at identifying the unknown officer.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

For the reasons stated above, Count 1 shall proceed against John Doe #1. John Doe #'s 2 and 3 are **DISMISSED without prejudice**. Warden Chad Jennings is **ADDED** to the case in his official capacity in order to help identify John Doe #1.

The Clerk of Court shall prepare for Chad Jennings (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Thomas. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Thomas, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendant need only respond to the issues stated in this**

4

**Merit Review Order**. Because Chad Jennings is in the case for the sole purpose of responding to discovery aimed at identifying John Doe #1, he need not file an Answer. Once Jennings has been served and counsel has entered his appearance, the Court will issue a scheduling order providing further instructions for conducting discovery related to the identity of John Doe #1.

If judgment is rendered against Thomas, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Thomas is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:  April 14, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

5

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendant of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendant will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**